IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALEIDA SELEGNA SANTOS,

          Plaintiff,

    v.

KATHLEEN JOHNSON, et al.,

          Defendants.

Case No. 6:25-cv-01913-JR

**FINDINGS AND RECOMMENDATION**

**RUSSO, Magistrate Judge**

Plaintiff, an adult in custody as a pretrial detainee at the Jackson County Jail, brings this 42 U.S.C. § 1983 civil rights case as a self-represented litigant. For the reasons that follow, the case should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff initiated this action by filing a Complaint naming as defendants a Douglas County judge, an Oregon State Bar employee, a state prosecutor, and public defenders. The Complaint is a 60-page document which consists of a narrative statement of events occurring in connection with a pending criminal prosecution against plaintiff in Douglas County. This Court issued an Order to Show Cause (ECF No. 8) finding that the Complaint failed to state a claim

1 – FINDINGS AND RECOMMENDATION

upon which relief may be granted and requiring plaintiff to show cause why the Complaint

should not be summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  In the

Order to Show Cause, the Court noted the claims alleged in the Complaint were virtually

identical to claims raised in another action brought by plaintiff in Case No. 6:25-cv-01564-JR

and thereby subject to dismissal as duplicative, also the abstention principles described in

*Younger v. Harris*, 401 U.S. 37 (1971) applied to bar plaintiff's claims, the claims were also

barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), several of the defendants were entitled to

absolute immunity, and other defendants were not "state actors" for the purposes of § 1983.

Plaintiff filed a Response (ECF No. 9) to the Order to Show Cause explaining she filed

the Complaint in this action because she never received a case assignment notice for Case No.

6:25-cv-01564-JR and assumed the Court had not received that case.  Plaintiff requested the

opportunity to file an Amended Complaint, which she attached to her Response.  In her proposed

Amended Complaint, plaintiff names as defendants Douglas County Corporal Cody Walton and

the Douglas County Sheriff's Office.  Plaintiff alleges three claims for relief: (1) Walton

conducted an illegal search and seizure of plaintiff's property on the night she was arrested; (2)

he questioned plaintiff for over an hour without advising her of her *Miranda* rights; and (3) after

plaintiff eventually invoked her right to counsel, Walton threatened to take plaintiff's dog to

animal control to coerce her into continuing to answer questions.

Plaintiff's proposed Amended Complaint, while no longer alleging claims against the

defendants named in his original Complaint, nonetheless suffers the same deficiencies related to

*Younger* and *Heck*.  As the Court previously explained to plaintiff, in *Younger*, the Supreme

Court held that a federal court is prohibited from enjoining a state criminal proceeding without a

valid showing of "extraordinary circumstances." *Younger*, 401 U.S. at 43-54; *see also Gilbertson*

2 – FINDINGS AND RECOMMENDATION

*v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies to damages actions as well as actions for injunctive or declarative relief). *Younger* abstention is appropriate when: (1) state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims at issue. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If these elements are present, a federal court may exercise its jurisdiction only when the state proceedings are conducted in bad faith or if extraordinary circumstances exist. *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Plaintiff is a pretrial detainee awaiting prosecution on charges related to the alleged illegal search and seizure and *Miranda* claims. Oregon has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings. *See People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) (A state's "ability to protect its citizens from violence and other breaches of the peace through enforcement of criminal laws is the centermost pillar of sovereignty."). Plaintiff can raise these constitutional challenges to her arrest and prosecution in the state criminal court, and she alleges no extraordinary circumstances warranting federal intervention. Accordingly, *Younger* abstention applies to the claims alleged in her proposed Amended Complaint.

Further, relief on the claims alleged in the proposed Amended Complaint is barred until plaintiff's state criminal charges have been dismissed, or if convicted, that conviction is invalidated. *Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[S]tate prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceeding – *if* success would necessarily demonstrate

3 – FINDINGS AND RECOMMENDATION

the invalidity of confinement or its duration.") (emphasis in original).  Here, claims based on

plaintiff's allegations of illegal search and seizure and violation of *Miranda* directly implicate

the validity of her ongoing prosecution and, as such, are barred under *Heck* and must be

dismissed without prejudice until plaintiff's related criminal charges are dismissed or if

convicted, that conviction is overturned or otherwise invalidated.  *See Harvey v. Waldron*, 210

F.3d 1008, 1015 (9th Cir. 2000) (holding illegal search and seizure claims brought under § 1983

do "not accrue under *Heck* until the criminal charges have been dismissed"), *overruled in part on*

*other grounds by Wallace v. Kato*, 549 U.S. 384, 393-394 (2007); *Trimble v. City of Santa Rosa*,

49 F.3d 583, 584–85 (9th Cir. 1995) (per curiam) (finding claim alleging officers failed to read

*Miranda* warnings was *Heck*-barred); *Ortiz v. Cty. of L.A.*, No. CV 12-9546-CJC (PJW), 2013

WL 2371181 at *4 (C.D. Cal. May 29, 2013) (finding civil rights claims against police officers

for failure to give *Miranda* warnings *Heck*-barred); *Finefeuiaki v. Maui Police Dept.*, No. 1:18-

cv-00325 JAO-KSC, 2018 WL 4839001, at *5 (D. Haw. Oct. 4, 2018) (dismissing without

prejudice pretrial detainee's claims of illegal search and seizure as barred under *Heck*).

In sum, plaintiff failed to show cause why her original Complaint should not be

summarily dismissed, and the claims alleged in her proposed Amended Complaint are likewise

subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Accordingly, this

action is dismissed.

## CONCLUSION

For these reasons, this case should be DISMISSED, and a judgment of DISMISSAL

should be entered.

This recommendation is not an order that is immediately appealable to the Ninth Circuit

Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties shall have until fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute waiver of a party's right to appellate review of the findings of fact in an order judgment entered pursuant to this recommendation.

DATED this 8th day of May, 2026.


 /s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge

5 – FINDINGS AND RECOMMENDATION