IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ALEIDA SELEGNA SANTOS, | Case No. 6:25-cv-1913-JR |
| Plaintiff, | **ORDER** |
| v. | |
| KATHLEEN JOHNSON, et al., | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on May 8, 2026. Judge Russo recommended that this Court *sua sponte* dismiss Plaintiff's complaint, in part based on the abstention doctrine arising from *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff filed an objection on the sole ground that she expects that her pending state law criminal case will be dismissed with prejudice on June 26, 2026. She requests that the Court not dismiss this federal case in anticipation of that state court dismissal, because she cannot afford to pay the fee to refile.[1]

Plaintiff's argument cannot prevail, however, because the date for which pending state court action is considered for *Younger* abstention is the date the federal complaint was filed, not whether at some later point the state proceedings has ended or will end. *See Gilbertson v. Albright*, 381 F.3d 965, 969 n.4 (9th Cir. 2004) ("The critical date for purposes of deciding whether abstention principles apply is the date the federal action is filed."). Indeed, "the critical

---

[1] Although Plaintiff was granted leave to proceed *in forma pauperis*, as a pre-trial detainee, payment of her filing fee is subject to a payment formula from her prison trust account until $350 is collected. *See* ECF 7. If Plaintiff's case is dismissed and she is released as she expects, however, then if she files a future lawsuit outside of custody and requests to file *in forma pauperis*, if that request is granted she will not have to pay any filing fee.

PAGE 2 – ORDER

question is not whether the state proceedings *are* still 'ongoing', but whether 'the state proceedings *were* underway before initiation of the federal proceedings.'" *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987) (quoting *Fresh Int'l Corp. v. Agric. Lab. Rels. Bd.*, 805 F.2d 1353, 1358 (9th Cir. 1986)) (emphasis added). Plaintiff does not dispute that her underlying state prosecution was underway before she initiated this federal lawsuit. Thus, dismissal without prejudice based on *Younger* is warranted.[2]

The Court ADOPTS IN PART Judge Russo's Findings and Recommendation, ECF 10. The Court DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint, ECF 1.

**IT IS SO ORDERED.**

DATED this 28th day of May, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[2] Judge Russo also recommended dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court declines to adopt this portion of the Findings and Recommendation. Nearly all the cited cases involved a plaintiff who had already been *convicted* when the plaintiff brought the federal court case. But under *Wallace v. Kato*, when a plaintiff raises a federal court challenge *before conviction*, and that challenge is "related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. 384, 393-94 (2007). Then, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394. This is because of the "impracticality" of a rule allowing *Heck* to bar "an action which would impugn *an anticipated future conviction*," which may never occur due to a case never being brought, being dismissed, or obtaining an acquittal, and thus never reaching the *Heck* "trigger." *Id.* at 393 (emphasis in original).

Plaintiff is a pretrial detainee who has not yet been convicted, bringing claims that relate to rulings that will likely be made in her state court trial proceedings, including whether she was properly *Mirandized* and whether the search violated the Fourth Amendment. Thus, *Heck* does not apply at this stage of her underlying state proceedings as a *bar*.